IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ORTIZ & ASSOCIATES CONSULTING LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-8262 |
| v. | ) ) ) | Judge Robert M. Dow, Jr. |
| MICROSOFT CORPORATION, | ) ) ) | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Ortiz & Associates Consulting LLC ("Plaintiff") brought this patent infringement case against Microsoft Corporation ("Defendant"). Defendant moved to dismiss. [26]. For the reasons below, the Court grants Defendant's motion [26] and dismisses Plaintiff's complaint without prejudice. The Court gives Plaintiff leave to file an amended complaint no later than August 20, 2021, if it can do so consistent with this opinion and Federal Rule of Civil Procedure 11. This case is set for a telephonic status hearing on August 27, 2021 at 9:00 am. Participants should use the Court's toll-free, call-in number 877-336-1829 and passcode 6963747.

**I.     Background[1]**

Plaintiff is the exclusive owner of United States Patent No. 9,147,299 (the "'299 patent"). [25, at ¶ 7]. Plaintiff alleges that Defendant directly infringes claim one of this patent through software included on its Wireless Display Adapter and/or handheld wireless devices such as the Microsoft Surface Go 2. Claim one of the '299 patent includes four steps, and provides:

> A method of brokering video data between handheld wireless devices and publicly and privately available data rendering devices in the form of at least one of a video monitor and multimedia projector for rendering of the video data at a selected

---

[1] The Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

rendering device, comprising:

[1] receiving a request in a wireless data communication network from a wireless device (WD) to locate at least one data rendering device (DRD) in the form of at least one of a video monitor and multimedia projector for rendering video data selected at said WD, said request including WD location information;

[2] said wireless data communication network identifying a physical location, operational readiness and rendering capabilities of at least one DRD for said WD based on the WD location information;

[3] said wireless data communication network providing said WD with location information of at least one accessible DRD for selection by said WD; and

[4] receiving from said WD via said wireless data communication network a selection of a DRD by entry of authorization code at a user interface on at least one of said WD said DRD once the DRD is physically located, and video data selected from at least one of said WD or a server accessible by said WD for rendering at said DRD, wherein verification of the authorization code entered on the user interface causes said DRD to retrieve and render the video data.

[26-2].

Defendant "brokers video data between handheld wireless devices (for example a Microsoft Surface Go 2) and data rendering devices (a television)." [25, at ¶ 9a]. Plaintiff alleges that Defendant performs the first step as follows: "Microsoft owns software that Microsoft licenses to end users. Through this software, when the user opens his or her Surface Go 2 and the[n] selects the Wireless Display Adapter, Microsoft performs this step * * * ." [*Id.*, at ¶ 9b]. Plaintiff alleges that Defendant performs the second and third step when "[t]he software that Microsoft owns and licenses to the user of Surface Go 2 identifies the user's television to which the Wireless Display Adapter is connected as ready to be connected to the Surface Go 2 for screen sharing." [*Id.*, at ¶ 9c]. Plaintiff alleges that Defendant performs the fourth step in one of two ways. First, when "[t]he user of the Microsoft Surface Go 2 selects an icon indicating his or her television is ready to be connected to the Microsoft Surface Go 2 for screen sharing." [*Id.*, at ¶ 9d]. And alternatively, Plaintiff alleges that Defendant's "software performs this step through a direct communication

between the Surface Go 2 and the Bravia television." [*Id.*, at ¶ 9e]. In this alternative method, a pin number appears on the Surface Go 2 and a user is prompted to press "Connect" if the pin displayed on the Bravia television matches the pin on the Surface Go 2. [*Id.*]. Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. [See 26].

II. **Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint typically must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S at 555). In determining whether the complaint meets this standard, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth*, 507 F.3d at 618.

III. **Analysis**

"Section 271(a) of Title 35 sets forth the requirements of a claim of direct patent infringement: 'whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.'" *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1334 (Fed. Cir. 2008). Claim 1 of the '299 patent is a method claim. "Infringement of a method claim 'occurs when a party performs all of the steps of the process.'" *Id.* at 1333 (quoting *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed.Cir.2007)). In other words, "[a]

3

method claim is directly infringed when someone practices every step of the patented method. In order to prove induced infringement, the patentee must show that the alleged infringer performs, or induces another party to perform, every single step in the method." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1219 (Fed. Cir. 2014) (internal citations omitted). Thus, to state an infringement claim here, Plaintiff must allege that Defendant practices every step of the process described by claim 1 of the '299 patent. Defendant argues that Plaintiff failed to do so.

First, Defendant notes that Plaintiff alleges that its software infringes the '299 patent and submits that supplying software to a consumer does not make it a direct infringer. [26, at 7–8]. To Defendant's point, Plaintiff argues that "[t]he software, not the device, performed the method steps." [31, at 11]. Further, the Federal Circuit has explained that "a process is nothing more than the sequence of actions of which it is comprised." *Ricoh Co.*, 550 F.3d at 1335 (quoting *NTP, Inc. v. Rsch. In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005), abrogated on other grounds by *Zoltek Corp. v. United States*, 672 F.3d 1309, 1313 (Fed. Cir. 2012)). "In contrast, software is not itself a sequence of actions, but rather it is a set of instructions that directs hardware to perform a sequence of actions." *Id.* Thus, software alone cannot infringe a method claim because it is merely a set of instructions, and "the actual carrying out of the instructions is that which constitutes a process within the meaning of § 271(a)." *Id.*; see also *WiNet Labs, LLC v. Motorola Mobility, LLC*, 2020 WL 5265558, at *2 (N.D. Ill. Aug. 4, 2020), vacated and remanded on other grounds, 2021 WL 1343535 (Fed. Cir. Apr. 12, 2021) (describing as a "legal impossibility" the plaintiff's argument "that the software alone infringes the method claim").

Plaintiff attempts to distinguish *Ricoh* by explaining that he "does not allege that Microsoft's *sale* of the software is an infringing act" and instead he "alleges that Microsoft's *use* of the software infringes the '299 patent." [31, at 12 (emphasis added)]. This suggests that it is

4

not the software itself that infringes the method claim; rather Defendant infringes the method claim when it uses the software. However, nothing in the complaint suggests that Defendant uses the software. Instead, the complaint alleges that Defendant licenses the software to end users and that the end users implement the software. [25, at ¶ 9b–d]. And the Federal Circuit has explained that "none of [its] decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method."[2] *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1222 (Fed. Cir. 2014); see also *WiNet Labs, LLC*, 2020 WL 5265558, at *2 ("[S]imply claiming that [the defendant] 'controls' the software is not enough, particularly when it is obvious that end users are the ones using the [software]."); *Sentius Int'l, LLC v. Apple Inc.*, 2020 WL 2850286, at *4 (N.D. Cal. June 2, 2020) ("Merely providing software to an end-user device does not constitute 'use' of that device."); cf. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–23 (Fed. Cir. 2015) (explaining that an entity can be "responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise")).

In arguing that it nevertheless stated a claim for direct infringement, Plaintiff relies on *SiRF Tech., Inc. v. International Trade Commission*, 601 F.3d 1319 (Fed. Cir. 2010). There, the defendant argued that it did not directly infringe method claims related to GPS devices because the end users must initiate the process. *Id.* at 1329. The court rejected this argument because the steps of the method claim were either (1) executed either by a satellite controlled by the accused infringers or (2) were automatically performed by the accused GPS products. *Id.* at 1329–1331; see also *Ericsson, Inc.*, 773 F.3d at 1221 (describing *SiRF* in this way). Any actions performed by the end user were not part of the claim. *SiRF Tech., Inc.*, 601 F.3d at 1331. The Federal Circuit

---

[2] Nothing in Plaintiff's complaint or brief suggests that that fact that Defendant licensed the software for use instead of selling it for use impacts the analysis.

later described *SiRF* as finding that, under those facts, "it was the accused infringers that performed all the steps required for direct infringement, not the customers who possessed the GPS products." *Ericsson*, *Inc.*, 773 F.3d at 1221. Here, in contrast, according to Plaintiff's own allegations [25, at ¶ 9b–9d], it is the end user who controls the devices. And the Federal Circuit has declined to expand *SiRF* in the manner Plaintiff's argument requires. See *Ericsson, Inc.*, 773 F.3d 1221–22 ("Our decision in *SiRF* is not applicable here because all of the steps of the method in claims 1 and 2 of the '215 patent are performed on the end product, which is controlled by a third party. Unlike the method in *SiRF*, there are no steps automatically performed by equipment controlled by [the Defendant]." (internal citation omitted)); *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 521 (Fed. Cir. 2016) (restating *Ericsson*'s treatment of *SiRF* and "again declin[ing] to extend the scope of direct infringement"; finding no direct infringement because all of the steps of the method claims were performed on devices "wholly out of the control of" the defendant). Accordingly, Plaintiff's *SiRF* argument fails, and its complaint is dismissed without prejudice.[3]

## IV. Conclusion

For the reasons above, the Court grants Defendant's motion [26] and dismisses Plaintiff's complaint without prejudice. The Court gives Plaintiff leave to file an amended complaint no later than August 20, 2021, if it can do so consistent with this opinion and Federal Rule of Civil Procedure 11. This case is set for a telephonic status hearing on August 27, 2021 at 9:00 am. Participants should use the Court's toll-free, call-in number 877-336-1829 and passcode 6963747.

---

[3] The Court does not address Defendant's arguments that the complaint did not adequately allege a wireless communication network or an authentication code. However, the Court notes that to the extent that these arguments require construing claim one of the '299 patent, they may be inappropriate for a motion to dismiss. See, *e.g.*, *Lecat's Ventriloscope v. MT Tool & Mfg.*, 2017 WL 1362036, at *4 (N.D. Ill. Jan. 6, 2017) ("The U.S. Court of Appeals for the Federal Circuit has cautioned against construing claim language to resolve, at the pleading stage, what are effectively non-infringement arguments.").

Case: 1:19-cv-08262 Document #: 33 Filed: 07/19/21 Page 7 of 7 PageID #:174

7

Dated: July 19, 2021 

                                                                     _____
                                                                     Robert M. Dow, Jr.
                                                                     United States District Judge